UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**DELENA RASHONN SERAFIN,**

Plaintiff,

v.

**No. 4:22-cv-0084-P**

**WINCO FOODS, INC.,**

Defendant.

## MEMORANDUM OPINION & ORDER

There is nothing unique about this employment case. Plaintiff Delena Rashonn Serafin ("Serafin") alleges that Defendant Winco Foods, Inc. ("Winco") discriminated against her and violated Section 21.051 of the Texas Labor Code. Indeed, Texas state courts routinely and effectively handle this very type of state-law employment dispute.

The facts are undisputed. Serafin filed this case on November 11, 2021, in County Court at Law No. 3 in Tarrant County, Texas. *See* ECF No. 2. Serafin's state court petition affirmatively represented *six* times that her damages *did not* exceed "$74,000.00 exclusive of interest and costs." *Id.* at 2.a. Attached to the petition was a declaration signed by Serafin swearing *four* times that she intended to limit her recovery to "$74,000.00" and that she "fully intend[ed] to be bound by these stated limitations." *Id.* Despite these statements, Winco removed the case on February 1, 2022, based on diversity jurisdiction. ECF No. 2.

The Court requested briefing regarding its jurisdiction on February 2, 2022, (ECF No. 4) and held a hearing on February 18, 2022. After considering the Parties' briefing, evidence, and applicable law, the Court concludes that it lacks subject-matter jurisdiction over this dispute for the reasons stated by the Court at the hearing. The Court will therefore **REMAND** the case.

For federal courts to exercise diversity jurisdiction, the amount in controversy minimum must be satisfied and complete diversity must exist. *See McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004). "Under Title 28 U.S.C. 1332(a), federal district courts have original jurisdiction of all civil actions involving citizens of different states, where the matter in controversy exceeds $75,000, exclusive of interest and costs." *Hamilton v. Mike Bloomberg 2020 Inc.*, 474 F. Supp. 3d 836, 841 (N.D. Tex. 2020) (Pittman, J.) (emphasis added). Importantly, federal courts "must presume that a suit lies outside [their] limited jurisdiction." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). Due to this presumption against federal jurisdiction, the removal statute is to be "strictly construed, and any doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007). Additionally, courts must "resolve any contested issues of material fact, and any ambiguity or uncertainty in the controlling state law" in plaintiff's favor. *Morgan v. Chubb Lloyds Ins. Co. of Tex.*, No. 4:21-CV-0100-P, 2021 WL 2102065, at *1 (N.D. Tex. May 25, 2021) (Pittman, J.) (quoting *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999)).

Here, Serafin stated four times before removal that she sought only $74,000.00 in monetary damages, exclusive of interest and costs. These statements were made in a sworn declaration filed with her state court petition. The petition also expressly stated six times that her monetary damages were limited to a maximum of $74,000.00.

Further, at the February 18, 2022 hearing, Serafin's counsel confirmed that the amount Serafin sought was limited to $74,000.00 in damages, *including any recovery for attorneys' fees*. Serafin's counsel also confirmed that any monetary damages that may be awarded to Serafin, either in this Court or in state court, would ultimately be limited to $74,000.00, including attorneys' fees. The Court takes Serafin and her counsel at their word and holds these representations to be binding judicial admissions. *See McCaskill v. SCI Mgmt. Corp.*, 298 F.3d 677, 680 (7th Cir. 2002) (holding that counsel's verbal admission at oral argument as to the enforceability of an agreement was a binding judicial

admission just like any other formal concession made during the course of proceedings); *Kohler v. Inter-Tel Techs.*, 244 F.3d 1167, 1170 n.3 (9th Cir. 2001) (holding that counsel's verbal admission at oral argument that the plaintiff failed to meet her burden of establishing diversity jurisdiction was a binding admission on the plaintiff); *Halifax Paving, Inc. v. U.S. Fire Ins. Co.*, 481 F. Supp. 2d 1331, 1336 (M.D. Fla. 2007) ("Statements made by an attorney during oral argument are binding judicial admissions and may form the basis for deciding summary judgment.").

It is well-settled law that "jurisdictional facts must be judged *as of the time the complaint is filed*; subsequent events cannot serve to deprive the court of jurisdiction once it has attached." *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253–54 (5th Cir. 1998) (emphasis added). Although typically a "simple allegation in a state-court petition that a plaintiff seeks less than the jurisdictional threshold, without more, is insufficient to defeat diversity jurisdiction." *Hayes v. Bank of Am. N.A.*, No. 3:18-CV-3238-B, 2019 WL 585445, at *4 (N.D. Tex. Feb. 13, 2019). Here, Serafin not only represented in her state court petition that she was seeking no more than $74,000.00 in monetary damages, but she also submitted a binding pre-removal declaration limiting her damages to below the $75,000.00 jurisdictional threshold. Contrary to Winco's arguments, the state court retains jurisdiction; this Court therefore lacks subject-matter jurisdiction.

Accordingly, the Court **ORDERS** that this case is **REMANDED** to the **County Court at Law No. 3 in Tarrant County, Texas**.

The Clerk of this Court is **INSTRUCTED** to mail a certified copy of this Order to the County Clerk of Tarrant, County, Texas.

**SO ORDERED** on this **18th day** of **February 2022.**

Mark T. Pittman
UNITED STATES DISTRICT JUDGE

3